# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

4295 N. TEUTONIA INC. d/b/a
TEUTONIA GAS & FOOD and
GURINDER S. NAGRA,

        Plaintiffs,

v.

CITY OF MILWAUKEE and CITY OF
MILWAUKEE COMMON COUNCIL,

        Defendants.

Case No. 23-CV-1509-JPS

**ORDER**

---

Now before the Court is Defendants City of Milwaukee and City of Milwaukee Common Council's (together, "Defendants") expedited motion to stay this case pending resolution of Plaintiffs 4295 N. Teutonia Inc. d/b/a Teutonia Gas & Food and Gurinder S. Nagra's (together, "Plaintiffs") state case and the re-hearing ordered therein. ECF No. 15. For the reasons discussed herein, the Court will grant the motion.

On November 10, 2023, Plaintiffs sued Defendants in federal court alleging that Defendants violated Plaintiffs' procedural and substantive due process rights under the Fourteenth Amendment by, inter alia, "arbitrarily and capriciously holding a [license] revocation hearing without a legitimate government interest or fair process." ECF No. 1; ECF No. 10 at 2. The day before, Plaintiffs filed in state court a petition for writ of certiorari review related to the same allegations underlying this federal lawsuit. *4295 N. Teutonia Ave., Inc. et al. v. City of Milwaukee Common Council et al.*, Milwaukee County Case No. 2023CV008522, *available at*

https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CV008522&countyNo=40 (last visited Sept. 16, 2024) (the "State Case"); *see also* ECF No. 16-1 (petition for writ of certiorari filed in the State Case).[1] Plaintiffs sought "certiorari review of [Defendants'] licensing decision and . . . an order reversing [Defendants'] decision of a revocation of Plaintiffs' Extended Hours Establishments, Filling Station, Food Dealer, and Weights & Measures licenses." ECF No. 16-1 at 3–4.

On August 20, 2024, the Milwaukee County Circuit Court granted the petition, reversed the license revocation decision, and remanded the case for further proceedings "that comply with the applicable principles of due process and fair play." ECF No. 16-2 at 1 (finding that Plaintiffs had demonstrated "an impermissibly high risk of bias, as well as an apparently procedural irregularity, which may have resulted in [Defendants'] prejudgment of the facts or the application of law").

Defendants now move to stay all proceedings in this matter pending resolution of the new license revocation hearing, which Defendants anticipate will be scheduled in October 2024. ECF No. 15. Defendants fault Plaintiffs for not "avail[ing] themselves to state court remedies" before initiating this federal lawsuit. *Id.* at 1–2 (citing *Mecouch v. Pension Bd. of Emps.' Ret. Sys. of Cnty. of Milwaukee*, 184 F. Supp. 3d 684, 687–88 (E.D. Wis. 2016)). They also argue that "the state court's decision could render Plaintiffs' claims moot, and the result of the soon to be rescheduled hearing

---

[1] The petition was brought pursuant to Wis. Stat. § 68.13, ECF No. 16-1 at 3, which is "Wisconsin's statutory provision for review of municipal administrative procedure decisions." *Eagle Cove Camp & Conf. Ctr. v. Town of Woodboro*, No. 10-cv-118-wmc, 2011 U.S. Dist. LEXIS 162624, at *14 (W.D. Wis. Mar. 24, 2011) (collecting cases).

may affect future damages that Plaintiffs may or may not be entitled to." *Id.* at 3.

In opposition, Plaintiffs argues that Defendants fail to demonstrate their entitlement to a stay and dispute that they were obligated to "complete state court proceedings before pursuing their federal claims under § 1983." ECF No. 19 at 1–2. They point out that "Defendants' request for a stay comes long after this case has progressed beyond the initial stages"—indeed, Defendants moved for a stay just over a week before the dispositive motion deadline in this case. *Id.* at 2; ECF No. 11. They also argue that the issues in this case, "particularly the constitutional violations, remain squarely before this Court and await no further action in state court." ECF No. 19 at 2.

As a threshold matter, Plaintiffs are correct that "[t]here is no general duty to exhaust state judicial or administrative remedies before pursuing an action under 42 U.S.C. § 1983." ECF No. 19 at 3 & n.2 (citing *Horsley v. Trame*, 808 F.3d 1126, 1129 (7th Cir. 2015)). But that issue, as flagged by Defendants, is more of a red herring than anything; it has been almost a year since both this case and the parallel State Case were filed. To the extent that Defendants took issue with the simultaneous nature of the two cases, the time to have raised such issue was long ago, if not at least several weeks ago when the state court's remand decision came out. Defendants now contend that Plaintiffs' "failure to avail themselves to state court remedies is a substantive failure that defeats the cause of action," ECF No. 15 at 1 (citations omitted), but that is an argument better suited for a dispositive motion than for a non-dispositive motion to stay proceedings.

The real question now is whether the pendency of the remand for a new hearing renders a stay appropriate in this case. Notwithstanding the

untimely and terse nature of Defendants' motion to stay, the Court will grant the motion and order that this case be stayed pending resolution of the re-hearing yet to be scheduled. The Court will refrain from delving into analyzing the merits of Plaintiffs' claims and damages, the full contours of which may yet be unfolding. The licensing saga continues, and the Court believes it would be most efficient and judicious to await the conclusion of that saga before attempting to resolve claims arising out of it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

After all, the re-hearing could, hypothetically, again result in a revocation decision later deemed unfair by the state courts. *See Berron v. Ill. Concealed Carry Licensing Rev. Bd.*, No. 14 CV 2839, 2015 U.S. Dist. LEXIS 32861, at *10 (N.D. Ill. Mar. 16, 2015) ("Plaintiff brought this suit in response to being denied a license to carry a concealed . . . firearm . . . . Defendants argue that [his claims] are now moot, because they voluntarily moved to remand Plaintiff[']s case in state court for further administrative review. However, . . . Plaintiff requests 'permanent injunctive relief directing Defendant . . . to issue a license . . . to [him].' . . . Even if the state court grants Defendants' pending motion to remand before the state court, *Plaintiff could still be denied a concealed carry license without the process he is due*.") (emphasis added); *see* ECF No. 19 at 3 (Plaintiffs' brief in opposition to motion to stay asserting that they seek reinstatement of their licenses as a form of relief). Alternatively, the new hearing could result in a decision not to revoke Plaintiffs' licenses, therefore mooting Plaintiffs' request in this case for reinstatement of their licenses (but not their request for damages). ECF No.

Page 4 of 6
Case 2:23-cv-01509-JPS     Filed 09/16/24     Page 4 of 6     Document 20

19 at 3. The Court will therefore err on the side of caution and enter a temporary stay in this matter.

Plaintiffs seem to oppose the motion to stay on the mistaken impression that Defendants seek to limit Plaintiffs to litigating and recovering in one forum or the other. *See* ECF No. 19 at 3 (contending that state remedies are insufficient to address Plaintiffs' injuries). But Defendants do not contend that the State Case precludes or bars this federal case or that this Court should decline to hear it altogether; they argue merely that it may be prudent to see the yet-to-be-rescheduled municipal re-hearing through to its conclusion before proceeding in this matter.

Ultimately, "[t]he decision whether to stay a proceeding is entirely within the district court's discretion," *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 651 (7th Cir. 1996)), and the Court will exercise its discretion to temporarily stay this matter to ensure that its resources are not wasted adjudicating a matter that may yet be developing. The parties shall file a joint status report, on or before **December 16, 2024** or within ten (10) days of the conclusion of the re-hearing, whichever is earlier, updating the Court as to the status of this case and the propriety of lifting the stay in this matter. Failure to timely file this status report will result in the Court dismissing this action without prejudice and without further notice. Civ. L.R. 41(c).

Accordingly,

**IT IS ORDERED** that Defendants City of Milwaukee and City of Milwaukee Common Council's expedited motion to stay, ECF No. 15, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **STAYED** pending the conclusion of the re-hearing ordered by the

Milwaukee County Circuit Court in Case No. 2023CV008522 on August 20, 2024; and

**IT IS FURTHER ORDERED** that the parties shall **FILE** a joint status report, on or before **December 16, 2024** or within ten (10) days of the conclusion of the re-hearing, whichever is earlier, updating the Court as to the status of this case and the propriety of lifting the stay in this matter; failure to timely file the status report will result in dismissal of this action without prejudice.

Dated at Milwaukee, Wisconsin, this 16th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge