# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| 4295 N. TEUTONIA INC. d/b/a TEUTONIA GAS & FOOD and GURINDER S. NAGRA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MILWAUKEE and CITY OF MILWAUKEE COMMON COUNCIL,<br><br>Defendants. | Case No. 23-CV-1509-JPS<br><br><br>**ORDER** |

In September 2024, the Court stayed this matter pending the conclusion of a re-hearing on Plaintiffs' license revocation, the outcome of which could affect the instant case. ECF No. 20. The Court ordered the parties to file a joint status report on or before December 16, 2024, or within ten days of the conclusion of the re-hearing, whichever was earlier. *Id.* at 6 ("[F]ailure to timely file the status report will result in dismissal of this action without prejudice.").

On December 17, 2024—a day late—Plaintiffs filed a status report informing the Court that the stay could remain in place because the re-hearing had not yet been scheduled. ECF No. 23. The Court accordingly ordered the parties to provide an update by March 1, 2025, ***or within ten days of the conclusion of the re-hearing***, whichever was earlier, and again noted that failure to timely comply would result in dismissal of the case. Dec. 18, 2024 text order.

As publicly reported, the re-hearing was conducted on Friday, January 31, 2025. Sophie Bolich, *City Closes Teutonia Gas and Food Again*, URBAN MILWAUKEE (Feb. 11, 2025), [https://perma.cc/P5XT-9BNM]. That same day, the committee reaffirmed its prior decision recommending that Plaintiffs' business license be revoked. *Id.* At its meeting on February 11, 2025, the Milwaukee Common Council affirmed that recommendation and revoked Plaintiffs' license. *Id.* These events triggered Plaintiffs' obligation to file an updated status report within ten days. Dec. 18, 2024 text order.

On March 4, 2025, having heard nothing from the parties, the Court ordered that the case be dismissed without prejudice. Mar. 4, 2025 text order. Plaintiffs now move for relief from that dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 24. They contend that their failure to timely comply with the Court's December 18, 2024 order constitutes excusable neglect. ECF No. 25 at 1. The Court disagrees and will therefore deny the motion.

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final order or judgment on grounds including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b) supplies an 'extraordinary remedy' that is granted in 'exceptional circumstances.'" *Allen v. LTV Steel Co.*, 68 F. App'x 718, 722 (7th Cir. 2003) (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)). The Court may "consider several factors when it determines if neglect is excusable: 'the danger of prejudice to the [non-movant], the length of the [neglect] and its potential impact on judicial proceedings, the reason for the [neglect], including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Snyder v. Barry Realty, Inc.*, 60 F. App'x 613, 614 (7th Cir. 2003) (quoting *Pioneer Inv. Serv.*

*Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) and citing *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 361 (7th Cir. 1997)).

Plaintiffs represent that they prepared a status report "on March 3, 2025, which did not get filed through inadvertence of counsel." ECF No. 25 at 1–2 (citing ECF No. 26 at 1). They entered the deadline for the report as "March 3, 2025, due to the fact that March 1, 2025 was a Saturday." ECF No. 26 at 1. They also assert that they were "awaiting their client's decision on whether to file a petition for certiorari in state court" following the conclusion of the re-hearing. ECF No. 25 at 2 (citing ECF No. 26 at 1).

This explanation does not demonstrate excusable neglect. First, and even assuming that March 1, 2025 (rather than 10 days from the conclusion of the re-hearing) was the correct deadline, it was error for Plaintiffs to calendar the status report deadline for March 3, 2025. Only when a "period is stated in days or a longer unit of time" do the federal rules provide that "if the last day is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday [or] Sunday . . . ." Fed. R. Civ. P. 6(a)(1)(C). That rule does not apply when a court selects a specific date as a deadline. *See Curtis v. TransCor Am., LLC*, No. 10 C 4570, 2012 U.S. Dist. LEXIS 51939, at *2–3 (N.D. Ill. Apr. 13, 2012) ("Because Oct. 15, 2011 fell on a Saturday, [the defendant] argues that based on Fed. R. Civ. P. 6(a)(1)(C), it had until . . . Monday, Oct. 17, 2011 to make its disclosures. . . . However, the provisions in Rule 6 for computing time do not apply when the court has set a deadline by a date certain, as the court did here." (citing *Faust v. Anderson*, 52 F. Supp. 2d 930, 934–35 (N.D. Ill. 1999))). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." *Pioneer Inv. Servs.*, 507 U.S. at 392; *see also Equilease Fin. Servs., Inc. v. Fincastle Leasing, Inc.*, 305 F. App'x 291, 292 (7th

Cir. 2008) ("[A] mistake of law is not a ground for relief under Rule 60(b) . . . .").

Even setting that issue aside, Plaintiffs compounded the neglect by failing to file the status report that they prepared. ECF No. 26 at 1 ("Despite the fact [that] the status report was prepared, neither myself, nor my co-counsel . . . , moved forward to officially file the status report . . . ."). It appears that they simply forgot to do so. It is true that "[e]xcusable neglect under Rule 60(b)(1) covers unintentional omissions, such as missed filing deadlines . . . ." *Edwards-Brown v. Crete-Monee 201-U Sch. Dist.*, 491 F. App'x 744, 747 (7th Cir. 2012) (citing *Eskridge v. Cook County*, 577 F.3d 806, 810 (7th Cir. 2009)). But "'excusable neglect' requires something more than a simple failure to meet the deadline due to a busy schedule." *Cato v. Thompson*, 118 F. App'x 93, 97 (7th Cir. 2004) (quoting *United States v. Dumas*, 94 F.3d 286, 289 (7th Cir. 1996)) (internal bracketing omitted). And, importantly, this is not the first time that Plaintiffs missed a filing deadline in this case; they filed a previous status report late, without any acknowledgement of its lateness. ECF Nos. 20, 23. That demonstrates some degree of carelessness rather than a genuine mistake warranting the "extraordinary remedy" afforded by Rule 60(b). *See Allen*, 68 F. App'x at 722 (quoting *Provident Sav. Bank*, 71 F.3d at 698).

The reason for Plaintiffs' neglect is not compelling, and it fell within Plaintiff's own control. It was also not a single occurrence. Federal litigation must be taken seriously; deadlines are not mere suggestions.

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow

Page 4 of 5
Case 2:23-cv-01509-JPS    Filed 03/06/25    Page 4 of 5    Document 27

of cases through a busy district is aided, not hindered, by adherence to deadlines.

*Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). For all these reasons, Plaintiff's motion for relief is denied, and the dismissal of this case stands.

Accordingly,

**IT IS ORDERED** that Plaintiffs 4295 N. Teutonia Inc. d/b/a Teutonia Gas & Food and Gurinder S. Nagra's motion for relief, ECF No. 24, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 5 of 5
Case 2:23-cv-01509-JPS   Filed 03/06/25   Page 5 of 5   Document 27